U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 0 1 2007

ROBERT H. SHENWELL, CLERK
BY_____ DEPUTY
SHREVEPORT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DANIEL J. GOLLA, ET AL.         CIVIL ACTION NO. 06-2298

versus         JUDGE STAGG

CITY OF BOSSIER CITY, ET AL.         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Counsel for the parties are unable to reach an agreement on the sequence of depositions to be taken in the case. In letter briefs to the court, counsel for Plaintiffs contend that Plaintiffs should be allowed to depose certain police officers before Plaintiffs are deposed. Plaintiffs argue, among other things, that Defendants are well aware of the factual allegations underlying Plaintiffs' detailed, verified complaint and "[i]t is Plaintiffs that need to discover the factual evidence regarding the liability issues, which is in the sole possession and control of Defendants, in order to meet their burden of proof." Defendants contend, on the other hand, that because it is the Plaintiffs who have made allegations of wrongdoing, they should appear first for depositions.

Very early in the litigation, Plaintiffs noticed the depositions of Chief Halphen and Officer Harris, but Defendants responded with a Motion to Quash (Doc. 18). Defendants argued that discovery against Officer Harris should be stayed pending the filing and determination of a dispositive motion raising the qualified immunity defense. (The Motion to Quash was filed on April 4, 2007 and Defendants represented in that motion that they

anticipated filing a dispositive motion raising qualified immunity within 60 days. Doc. 18, Para. 3. However, as of the filing of this Minute Entry, no such motion has been filed.) Defendants also argued that Plaintiffs' subpoena duces tecum to Officer Harris was overly broad, unduly burdensome and sought irrelevant information. Plaintiffs responded with a Motion to Compel and Alternative Request to Stay Discovery (Doc. 19) pending compliance with Rule 26.

The court held a status conference to discuss the discovery problems on April 5, 2007 and determined that, because the parties had not yet complied with Rules 26(d) and (f), any discovery was premature. Doc. 20. As a result, Defendants' substantive arguments concerning a stay of discovery pending the outcome of the dispositive motion and the scope of the subpoena were not addressed. Defendants' motion to quash was terminated as moot. As a result of oversight, Plaintiff's motion to compel and/or to stay was not terminated by the court. For completeness of the record, Plaintiff's motion (Doc. 19) is now terminated as moot.

At the May 2, 2007 Scheduling Conference, the court discussed with counsel the court's discretion in controlling the sequence of discovery and emphasized to counsel the court's desire that they attempt to resolve the dispute amicably. Obviously, they have not done so.

Thus, each side wants to depose the other side first, and each side offers good reason why their discovery should be given preference. Consistent with the vast discretion afforded courts in the management of discovery, the court hereby orders Plaintiffs to submit to

depositions first. Plaintiffs filed this lawsuit and, having the burden of proof, will be required to present their evidence at trial first. It is not unfair to require them to be deposed first.

After both Plaintiffs are deposed, Plaintiff shall then be allowed to take the depositions of Defendants. Once Defendants are deposed, counsel for the parties shall again confer and attempt to reach agreement on the sequence of any other depositions that need to be taken. Counsel are ordered to cooperate in the scheduling of the depositions. The unilateral issuance of notices of deposition, without first attempting to coordinate dates with opposing counsel, is strongly disfavored.

If any substantive arguments remain regarding the taking of the deposition of Officer Harris and/or the scope of the subpoena, the parties are directed to present those arguments to the court by appropriate motion far enough in advance of the deposition to give the court time to consider the motion.

THUS DONE AND SIGNED at Shreveport, Louisiana this 1st day of August, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE